Anthony **EVERETT**, Plaintiff–
Appellant,

v.

Janet **RENO**, Attorney General, and
Federal Bureau of Prisons,
Defendants–Appellees.

No. 00–5798.

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges, and WELLS,* District Judge.

PER CURIAM.

Plaintiff Anthony Everett, a corrections officer at the Federal Corrections Institute in Memphis, Tennessee, filed suit against the Attorney General and the Federal Bureau of Prisons pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, alleging that racial discrimination motivated the defendants to suspend him from his job for one day and to deny him a job promotion. He further

* The Hon. Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

contended that the suspension, the denial of the promotion, a denial of certain job assignments, and a denial of a request for a shift change were precipitated by a desire to retaliate against him for prior job complaints he had filed and for offering testimony in an employment dispute involving another corrections employee years before the adverse job actions suffered by Everett.

After examining the evidence presented, the district court ruled that Everett was unable, as a matter of law, to satisfy the evidentiary burdens necessary to prevail upon his claims. Preliminarily, the court noted that a settlement agreement entered in an employment dispute between the federal government and corrections employees in district court in California neither foreclosed Everett's suit (as argued by the defendants) nor preclusively established the liability of the government in other employment contexts, such as the one before the district court in Tennessee (as argued by the plaintiff). The district judge then recognized that Everett had been able to establish a *prima facie* case of racial discrimination against the defendants but that the defendants had successfully rebutted that showing by articulating a legitimate, non-discriminatory reason for their actions that had not been demonstrated by the plaintiff to be a mere pretext for improper actions. Finally, the court addressed each of Everett's claims of retaliation, finding either that the plaintiff had failed to establish a causal connection between protected activity and any adverse employment action, or that Everett was unable to show that the articulated, legitimate justifications offered by the defendants for the decisions were pretextual. Consequently, the district judge entered summary judgment in favor of the defendants on all claims.

Before this court, the plaintiff now advances the same arguments previously ad-dressed by the district court. The memorandum opinion entered by the district judge, however, correctly disposes of the arguments suggested by Everett. Because no precedential or jurisprudential purpose would be served by issuance of a full opinion by this court merely reiterating the analysis and conclusions of the district court, we AFFIRM the judgment of the district court below for the reasons stated in the order filed by the court on March 16, 2000.